UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HEARTLAND MUTUAL INSURANCE COMPANY a/s/o Rinderer Farms, LLC, and Illinois Mutual Insurance Company,<br><br>  Plaintiff,<br><br>  v.<br><br>CNH AMERICA, LLC,<br><br>  Defendant. | Case No. 13-cv-1062-JPG-PMF |

## MEMORANDUM AND ORDER

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defects in the jurisdictional allegations of the Complaint (Doc. 2) filed by plaintiff Heartland Mutual Insurance Company:

- **Failure to allege the citizenship of each member of an unincorporated association.** To determine if complete diversity exists, the Court must examine the citizenship of each member of a limited liability company. *See White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011); *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). The relevant pleading must affirmatively allege the specific states of citizenship of each member of the limited liability company, and "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). The Complaint fails to allege the citizenship of each member of defendant CNH America, LLC. The Court further cautions that a party may not make allegations of jurisdiction "upon information and belief." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1058 n. 1 (S.D. Ill. 2006) (citing *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)).

- **Failure to allege sufficient facts regarding business identity.** To determine the citizenship of a business entity, the Court must know whether it is structured as a corporation or an unincorporated association such as an LLC. The Complaint does not identify the organizational structure of plaintiff Heartland Mutual Insurance Company sufficiently for the Court to determine its citizenship.

The Court hereby **ORDERS** that plaintiff Heartland Mutual Insurance Company shall have up to and including November 1, 2013, to amend the faulty pleading to correct the jurisdictional defect.  *See* 28 U.S.C. § 1653.   Failure to amend the faulty pleading may result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).   Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.   Plaintiff Heartland Mutual Insurance Company is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: October 17, 2013**

                                                    s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**